IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| STEVE A. BUTLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 09-3332 |
| | ) | |
| LEE RYKER, Warden, | ) | |
| Lawrence Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Petitioner Steve A. Butler's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (d/e 1) and Motion for Stay in Abeyance (Motion for Stay) (d/e 4). Also before the Court is Respondent Lee Ryker's Response to Motion for Stay and Respondent's Cross-Motion to Dismiss (Motion to Dismiss) (d/e 7). Petitioner filed his Response to Respondent's Motion to Dismiss (d/e 12), and Respondent filed his Reply in Support of Cross-Motion to Dismiss (d/e 13).

This matter is fully briefed and ripe for adjudication. For the

1

following reasons, the Motion to Dismiss is granted, the Petition is dismissed, and the Motion for Stay is denied as moot.

FACTS

On April 15, 1998, a jury in Sangamon County, Illinois, convicted Petitioner of the first-degree murder of Michael Jones. <u>Motion to Dismiss</u>, Ex. A, <u>Illinois Appellate Court Order of April 25, 2000</u>. The trial court sentenced Petitioner to a forty-five-year term of imprisonment. <u>Id.</u> Petitioner appealed his conviction and sentence to the Illinois Appellate Court, which affirmed his conviction and remanded the case for an amended judgment of sentence that would reflect Petitioner's entitlement to good-time credit under Illinois law. <u>Id.</u> at p. 11. Petitioner filed a Petition for Leave to Appeal (PLA) with the Illinois Supreme Court. The Illinois Supreme Court denied the PLA on July 5, 2000. <u>Motion to Dismiss</u>, Ex. B, <u>Illinois Supreme Court Order of July 5, 2000</u>. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

On July 8, 2000, Petitioner filed a pro se petition for post-conviction relief in the Circuit Court of Sangamon County.[1] <u>Motion to Dismiss</u>, Ex.

---

[1] For statute of limitations purposes, a pro se petitioner's habeas corpus petition is deemed properly filed "when given to the proper prison authorities and not when received by the district court clerk." <u>Jones v. Bertrand</u>, 171 F.3d 499, 502 (7th Cir.

C, <u>Petition for Post Conviction Relief</u>. The court dismissed the petition on September 28, 2006, and Petitioner appealed to the Illinois Appellate Court. <u>Motion to Dismiss</u>, Ex. D, <u>Circuit Court of Sangamon County Order of September 28, 2006</u>. On June 4, 2008, the Illinois Appellate Court affirmed dismissal of the post-conviction petition. <u>Motion to Dismiss</u>, Ex. E, <u>Illinois Appellate Court Order of June 4, 2008</u>. Petitioner filed a PLA in the Illinois Supreme Court, which denied the PLA on November 26, 2008. <u>Motion to Dismiss</u>, Ex. F, <u>Illinois Supreme Court Order of November 26, 2008</u>.

On December 1, 2009, Petitioner filed a second petition for post-conviction relief in the Circuit Court of Sangamon County. <u>Motion to Dismiss</u>, Ex. G, <u>Pro Se Petition for Post Conviction Relief</u>. This second post-conviction proceeding is still pending before the Circuit Court of Sangamon County. <u>Motion to Dismiss</u>, Ex. H, <u>Docket Sheet in Sangamon County Case No. 1997-CF-001178</u>.

Petitioner filed this case on December 17, 2009, alleging various

---

1999); see <u>People v. Saunders</u>, 633 N.E.2d 1340, 1342 (2nd Dist. Ill.App. 1994) (applying mailbox rule to pro se post-conviction petitions). Thus, although Petitioner's state post-conviction petition was file-stamped on July 26, 2000, the effective date of filing was July 8, 2000, when Petitioner signed, dated, and had the petition notarized.

grounds for relief under 28 U.S.C. § 2254.  Petition.  That same day, Petitioner filed his Motion for Stay, asking the Court to delay ruling on the Petition until the Illinois courts have an opportunity to adjudicate his second state post-conviction petition.

## ANALYSIS

Respondent argues that the Court should deny Petitioner's Motion to Stay and dismiss his Petition because the latter is barred by the statute of limitations.  The Court agrees.

The Petition is untimely under 28 U.S.C. § 2244.  Section 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214 (1996), contains a one-year statute of limitations that runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations' period is tolled as long as the petitioner has a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" pending. 28 U.S.C. § 2244(d)(2).

Petitioner's conviction became final under § 2244(d)(1)(A) on October 3, 2000.[2] Petitioner had ninety days from July 5, 2000 -- the date on which the Illinois Supreme Court denied his PLA on direct review -- to petition the U.S. Supreme Court for a writ of certiorari. Sup. Ct. R. 13.1. However, Petitioner's first state post-conviction petition, which he filed on July 8, 2000, tolled the limitations' period under § 2244(d)(2).

The limitations' period began running on November 26, 2008, when the Illinois Supreme Court denied Petitioner's PLA in the first state post-conviction proceeding. See Gutierrez v. Schomig, 233 F.3d 490, 492 (7th Cir. 2000) (holding that statute of limitations' period is not tolled during the ninety-day period in which a state post-conviction petitioner could have

---

[2]Petitioner has not alleged facts that would trigger the applicability of any of the other grounds for starting the limitations clock under § 2244(d)(1).

petitioned the U.S. Supreme Court for certiorari). Petitioner had until November 26, 2009, to file his § 2254 Petition with this Court. See Newell v. Hanks, 283 F.3d 827, 833 (7th Cir. 2002) (concluding that the one-year limitations' period expires on the anniversary of denial). However, Petitioner did not file his Petition under § 2254 until December 17, 2009, twenty-one days after the statute of limitations expired.

Petitioner argues that his tardiness should be excused because Lawrence Correctional Facility, where Petitioner is incarcerated, was on lockdown from November 8, 2009, until November 25, 2009. See Response to Respondent's Motion to Dismiss, Ex. 1, Letter from Illinois Department of Corrections of April 8, 2010. Petitioner claims that the lockdown prevented him from accessing the facility's law library and timely filing his Petition.

This argument is without merit, and does not explain Petitioner's failure to file the Petition on any of the other 348 days available to him. Nor is Petitioner entitled to equitable tolling of the statute of limitations. See Simms v. Acevedo, 595 F.3d 774, 781 (7th Cir. 2010) (petitioner not entitled to equitable tolling because he waited until the last minute to file petition, thus failing to demonstrate requisite diligence and "extraordinary

6

circumstances"); Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006) (petitioner not entitled to equitable tolling despite being placed in segregation for sixty days without access to the law library); see also Tucker v. Kingston, 538 F.3d 732, 734 (7th Cir. 2008) ("Equitable tolling is rarely granted.").

The fact that Petitioner has a successive post-conviction proceeding pending in the Illinois courts does not help him, because he did not file that case until December 1, 2009, after the statute of limitations applicable to his § 2254 claims had already run. See De Jesus v. Acevedo, 567 F.3d 941, 943 (7th Cir. 2009) (noting that "a state proceeding that does not begin until the federal year has expired is irrelevant"). The Court must dismiss the Petition, and must deny the Motion for Stay as moot. See Rhines v. Weber, 544 U.S. 269, 277 (2005) (district court abuses its discretion when it stays a § 2254 petition that is "plainly meritless").

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court now considers whether it should issue a Certificate of Appealability (COA). A federal district court should issue a COA only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A § 2254 petitioner must

demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No reasonable jurist could debate that the § 2254 Petition is barred by the statute of limitations. Petitioner cannot meet his burden of demonstrating that he is entitled to a COA, and accordingly the Court denies Petitioner a COA.

## CONCLUSION

THEREFORE, Respondent Lee Ryker's Response to Motion for Stay and Respondent's Cross-Motion to Dismiss (d/e 7) is GRANTED, and the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (d/e 1) is DISMISSED. The Motion for Stay in Abeyance (d/e 4) is DENIED as MOOT, as are all other pending motions. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:  May 4, 2010

    FOR THE COURT:

                                                  s/ Jeanne E. Scott
                                                JEANNE E. SCOTT
                                  UNITED STATES DISTRICT JUDGE